IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:24-cv-0791 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| AUDI NASHVILLE and AMERICAN ) | |
| CERDIT ACCEPTANCE, ) | |
| ) | |
| Defendants. | |

## ORDER

On August 12, 2024, Plaintiff filed a Motion for Entry of Default against defendant Audi Nashville. (Doc. No. 20). For the following reasons, Plaintiff's Motion is DENIED.

On August 15, 2024, Plaintiff filed an Amended Complaint. (Doc. No. 23). In response, Defendant Audi filed a Motion to Dismiss on September 13, 2024. (Doc. No. 29). When evaluating whether to enter default pursuant to Federal Rule of Civil Procedure 55(a), the Clerk must ascertain whether a party has filed a responsive pleading or motion and whether the defendant has taken any action to "otherwise defend." "The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984). Public policy favors allowing cases to be tried on the merits. "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . .. There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted).

1

Defendant Audi has entered an appearance and filed a Motion to Dismiss Plaintiff's Amended Complaint.  As a result, the Clerk finds that Defendant Audi is not in default and has expressed a clear intent to defend this action. Accordingly, Plaintiff's Motion for Entry of Default (Doc. No. 20) is **DENIED**.

s/ Lynda M. Hill
Lynda Motes Hill
Clerk of Court