IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00791 |
| ) | Judge Aleta A. Trauger |
| AUDI OF NASHVILLE and ) | |
| AMERICAN CREDIT ACCEPTANCE, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The Magistrate Judge to whom this case has been referred pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) has issued a Report and Recommendation ("R&R") (Doc. No. 35) recommending that: (1) defendant Audi of Nashville's Second Motion to Dismiss (Doc. No. 29) be denied as untimely; (2) defendant American Credit Acceptance, LLC's Motion to Dismiss (Doc. No. 25) be granted on the basis that the plaintiff's Amended Complaint fails to state a claim against this defendant for which relief may be granted; (3) plaintiff Clinton Harris's Motion to Dismiss Request for Extension of Time (Doc. No. 27) be denied; and (4) Harris's Motion for Relief to Be Granted (Doc. No. 28) be denied.

Now before the court are (1) Audi of Nashville's Objection to the R&R (Doc. No. 36), arguing that a failure to respond to an amended complaint within the fourteen-day deadline imposed by Rule 15(a)(3) does not bar a defendant from responding to the amended complaint and that the court should consider its Second Motion to Dismiss on the merits; and (2) plaintiff Clinton Harris's Objections to the R&R (Doc. No. 37), arguing that the Magistrate Judge erred in

<em>Case 3:24-cv-00791   Document 38   Filed 03/06/25   Page 1 of 7 PageID #: 182</em>

dismissing his claims against American Credit Acceptance ("ACA") based on the undisputed facts. For the reasons set forth herein, both sets of Objections will be overruled. Harris did not object to the recommendation that his other two motions be denied, so the court will accept the Magistrate Judge's recommendations and deny both of those motions without discussion.

I.   **STANDARD OF REVIEW**

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The court is not required to review those aspects of the report and recommendation to which no objection is made and should instead adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 150, 151 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Arguments made in an objection to a magistrate

judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

**II.     HARRIS'S OBJECTIONS**

Plaintiff Clinton Harris asserts claims arising from his attempt to finance the purchase of a vehicle from defendant Audi of Nashville ("Audi") on July 1, 2023. (Am. Compl., Doc. No. 23.) As part of this transaction, Harris told Audi's sales personnel that he "wanted in-house financing and did not consent to sending his information to outside banks and affiliates." (*Id.* at 4.) Audi nonetheless "ran" Harris's "credit" and then informed him that he was approved for a loan from defendant ACA, "with a conditional offer of a $36,000 cash down payment and APR [annual percentage rate] at 18%." (*Id.*)

The Amended Complaint sets forth claims against ACA under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.* Harris requests money damages and "[r]emov[al] [of] the hard inquiries from [his] consumer reports." (Doc. No. 23 ¶ 2.) He also "requests that the defendants be fined for conspiring against [his] rights [in violation of] 18 U.S. Code 241 and committing security and commodities fraud [in violation of] 18 U.S. Code 1348(2)." (*Id.* at ¶ 4.) ACA seeks dismissal of these claims.

In an exhaustive opinion, the Magistrate Judge carefully considered the viability of the plaintiff's FCRA and TILA claims under the governing statutes, specifically 15 U.S.C. §§ 1681n and1681o, and 15 U.S.C. §§ 1602, 1605, and 1606. The R&R concludes that: (1) the FCRA claims under 15 U.S.C. §§ 1681n and1681o are subject to dismissal for failure to allege facts that, if true, would establish a claim for relief, because the plaintiff does not plausibly allege that "[ACA] intended to violate [his] rights under the [FCRA] or that it did so recklessly" (Doc. No. 35 at 10 (quoting *Wells v. Craig & Landreth Cars, Inc.*, 474 F. App'x 445, 447 (6th Cir. 2012)); (2) the plaintiff had standing to pursue his TILA claims based on his allegations that ACA offered

financing terms to him through Audi, but (3) the Amended Complaint does not state a colorable claim for violation of the TILA, under 15 U.S.C. § 1605, because a cash down payment is not a charge "incident to the extension of credit," *id.* § 1605(a), and requiring a cash down payment does not violate this provision (Doc. No. 35 at 13); (4) the Amended Complaint fails to state a claim for violation of § 1606 of the TILA simply by virtue of the fact that ACA allegedly offered to extend credit under financing terms that included a down payment and a loan at 18% APR (*id.* at 15); and (5) Harris's claim under § 1602(p), which is premised upon allegations that his "social security card is a credit card pursuant to 15 U.S.[C.] [§] 1602(l)," is "based on a misreading of the statute," because a Social Security card "does not constitute a 'credit card' within the meaning of the TILA" (*id.* at 15 (quoting *Rosario v. City of N.Y. Comptroller*, No. 23-CV-1775, 2023 WL 3724812, at *3 (S.D.N.Y. May 30, 2023))).

In his Objections to these findings and the consequent recommendation that his claims against ACA be dismissed, Harris asserts in a conclusory fashion that he suffered discrimination based on race and a deprivation of his civil rights, that the Magistrate Judge is asking the court to disregard the U.S. Constitution, and that his claims should be heard in a court of justice. (Doc. No. 37 at 1–2.) Without providing any legal support for his positions that the Magistrate Judge has not already considered and rejected, he continues to assert the same arguments he made in opposition to ACA's Motion to Dismiss: that his Social Security card qualifies as a credit card under 15 U.S.C. § 1602(l); that § 1605 explicitly states that a finance charge "does not include charges of a type payable in a comparable cash transaction," which he apparently construes to mean that it prohibits requiring cash down payments; and that he adequately alleges that ACA acted negligently and willfully in pulling his credit report without his authorization. (Doc. No. 37 at 3.)

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the plaintiff here has not shown that the Magistrate Judge erred as a matter of law or failed to adequately consider the facts as alleged in the Amended Complaint. The court has nonetheless considered *de novo* the Magistrate Judge's legal conclusions in light of the plausibly pleaded factual allegations in the Amended Complaint and discerns no error.

The R&R's recommendation that the plaintiff's claims against ACA be dismissed will, therefore, be accepted in their entirety. Accordingly, ACA's Motion to Dismiss will be granted, and Harris's claims against ACA will be dismissed.

### III.    AUDI'S OBJECTIONS

Audi agrees that the R&R "accurately set out the procedural history" of this case, including the following relevant events:

> • On August 14, 2024, Audi Nashville filed a motion to dismiss the [original] complaint.
>
> • On August 15, 2024, Plaintiff Clinton Harris filed [his] "Statement of Claim."
>
> • On August 19, 2024, the Court construed the "Statement of Claim" as an amended complaint, and denied without prejudice Audi Nashville's motion to dismiss as moot.
>
> • On September 13, 2024, Audi Nashville filed its Second Motion to Dismiss.

(Doc. No. 36 at 2 (footnoted record citations omitted). Audi also concedes that, pursuant to Federal Rule of Civil Procedure 15(a)(3), it had fourteen days from the Order construing the Statement of Claim as an amended pleading to file a response to that pleading. Audi's Second Motion to Dismiss the (construed) Amended Complaint was filed on September 13, 2024, or eleven days after the deadline expired.

Audi's late-filed Second Motion to Dismiss was not accompanied by a motion or an incorporated request within the Second Motion to Dismiss itself to extend the deadline; Audi has neither asked the court to excuse the delay nor offered an explanation for the delay. In its Objection, Audi still offers no explanation for the delay, and it does not contend that the Magistrate Judge abused her discretion or applied an erroneous legal standard in denying the motion. It argues only that a default judgment is not an appropriate sanction for failing to file a timely responsive pleading and that consideration of the motion would facilitate efficient adjudication of this case and would not prejudice the plaintiff.

That may all be true, but the R&R does not recommend entry of judgment by default or otherwise and, in fact, recommends denying the plaintiff's Motion for Relief. Moreover, Audi's objections do not provide a basis for rejecting the R&R. Rather, these are arguments Audi could and should have raised in its late-filed Second Motion to Dismiss (or motion requesting an extension of the deadline). As set forth above, an argument made in an objection that was not first presented to the magistrate judge is waived. *Murr*, 200 F.3d at 902 n.1.

And, while entry of default would not be an appropriate sanction, the denial of an untimely motion to dismiss is not an inappropriate sanction in response to a party's failure even to acknowledge that its filing was late or to ask for an extension of the deadline. In any event, under Rule 12, the denial of Audi's motion will be without prejudice to Audi's ability to file an Answer and then possibly a motion for judgment on the pleadings under Rule 12(c),[1] raising all of the same

---

[1] Rule 12 provides that only those defenses that could be raised under Rule 12(b)(2)–(5) are waived if not raised at the earliest possible opportunity. Fed. R. Civ. P. 12(h)(1). A motion for failure to state a claim for which relief may be granted may be raised in an answer, in a Rule 12(c) motion, or even at trial. Fed. R. Civ. P. 12(h)(2).

arguments it raised in its Second Motion to Dismiss.[2]

Audi's Objection, therefore, will be overruled, and the court will accept the Magistrate Judge's recommendation that its Second Motion to Dismiss be denied. The motion will be denied without prejudice to Audi's ability to raise the same arguments in subsequent proceedings.

## IV. CONCLUSION

As set forth herein, both sets of Objections will be overruled, and the court will accept the Magistrate Judge's recommendations in their entirety. Consequently, ACA's Motion to Dismiss (Doc. No. 25) will be granted, and Audi's Second Motion to Dismiss (Doc. No. 29) will be denied, but without prejudice.

The recommendations to which no objections were lodged will also be accepted, and the plaintiff's Motion to Dismiss Request for Extension of Time (Doc. No. 27) and Motion for Relief to be Granted (Doc. No. 28) will be denied.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

[2] The court nonetheless points out that, while it is likely that the claims against Audi that mirror those asserted against ACA will likely be subject to dismissal on the same grounds that supported dismissal of the claims against ACA, the same is not necessarily true with respect to the plaintiff's claim under the Equal Credit Opportunity Act.