IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00791 |
| ) | Judge Aleta A. Trauger |
| AUDI OF NASHVILLE and ) | |
| AMERICAN CREDIT ACCEPTANCE, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

Before the court is plaintiff Clinton Harris's Motion for Reconsideration of Judgment (Doc. No. 41) under Rule 59(e) "and/or Rule 60(b)" of the Federal Rules of Civil Procedure. Because the motion is timely under Rule 59(e) and does not assert any of the grounds for relief identified under Rule 60, the court construes the motion under Rule 59(e). For the reasons set forth herein, the motion will be denied.

**I.  LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) allows a party to move "to alter or amend a judgment [within] 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 59(e) "provides a procedure for correcting manifest errors of law or fact or considering the import of newly discovered evidence." *Lamar OCI S. Corp. v. Tenn. Dep't of Transp.*, No. 3:21-cv-226, 2022 WL 3052409, at *1 (E.D. Tenn. Aug. 2, 2022) (quoting *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)). For a court to grant a motion under Rule 59(e), there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). "Rule 59(e)

motions are 'aimed at reconsideration, not initial consideration.'" *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (quoting *FDIC v. World Univ, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). That is, "[a] Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

## II.     BACKGROUND

On March 6, 2025, the court entered a Memorandum and Order overruling Harris's Objections to the Magistrate Judge's Report and Recommendation ("R&R"), accepting the R&R, and, among other things,[1] granting the Motion to Dismiss (Doc. No. 25) filed by defendant American Credit Acceptance, LLC ("ACA"). (*See* Memo. and Order, Doc. Nos. 38, 39.)

Harris now seeks reconsideration of that ruling. He continues to argue, as he did in opposition to ACA's Motion to Dismiss, that (1) a Social Security number is a "credit device" under 15 U.S.C. § 1602(l); (2) downpayments are not expressly excluded from the definition of "finance charge" set forth in 15 U.S.C. § 1605(a) and therefore should be deemed to fall within the definition; and (3) ACA willfully or intentionally violated his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n and 1681o. (Doc. No. 41, *passim*.) The plaintiff now incorporates new legal citations, new arguments, and new evidence in support of his position, arguing in particular that ACA willfully disregarded his request that it remove a disputed credit inquiry from his credit report and that ACA may also have violated Tennessee's usury laws. (*Id.* at 7–8; *see also* Doc. No. 41-1 at 3.)

---

[1] The court also denied defendant Audi of Nashville's Motion to Dismiss, in accordance with the R&R's recommendation.

## III.    DISCUSSION

As set forth above, Rule 59(e) is not intended to provide an opportunity to rehash old arguments or to advance positions that could have been raised earlier but were not. The motion now before the court does both of those: it rehashes the arguments Harris previously made and raises new legal arguments and presents new evidence that he could have presented earlier but did not—specifically, a letter from ACA in apparent response to a request from the plaintiff that it remove a credit inquiry from his credit report. (*See* Doc. No. 41-1 at 3.) To be clear, this letter is not newly discovered evidence. It is dated July 26, 2023. (*Id.*) In this letter, ACA responded that its investigation had confirmed that "an application for credit was submitted to [ACA] . . . by [the plaintiff] through Audi Nashville" on a specific date and, therefore, that "the credit inquiry in question is accurate according to [ACA's] records." (Doc. No. 41-1 at 3.) Even if the letter qualified as newly discovered evidence, it does not support the plaintiff's claim that ACA willfully violated his rights under the FCRA.

In short, the plaintiff's motion does not point out a clear error of law, newly discovered evidence, or an intervening change in controlling law. While the plaintiff apparently believes that reconsideration is required to prevent injustice, the law does not support his position. The court declines to reconsider its prior ruling.

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's Motion for Reconsideration of Judgment (Doc. No. 41) is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge