UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON HARRIS,<br>        Plaintiff,<br><br>v.<br><br>SAI NASHVILLE MOTORS, LLC d/b/a<br>AUDI NASHVILLE,[1]<br>        Defendant. | Case No. 3:24-cv-00791<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Through his second amended complaint, filed on April 28, 2025 (Doc. No. 53), plaintiff Clinton Harris (Harris) is suing defendant SAI Nashville Motors, LLC (Audi Nashville) over a credit check that occurred on July 1, 2023. Harris has asserted multiple theories of liability, but the core of his allegations concerns how Audi Nashville induced him to let the credit check happen. According to Harris, he made clear to Audi Nashville employees that he would proceed with a possible purchase if and only if he could arrange for "in-house financing." Harris alleges that both he and Audi Nashville understood the term to mean that Audi Nashville itself, or Audi Financial Services, or some other internal division of Audi AG would furnish the necessary financing without resort to third-party lenders. With the purported understanding in mind, Harris signed a credit application[2] that included the following language about what he was authorizing:

_____

[1]      Consistent with the answer to the second amended complaint (Doc. No. 56), the Clerk of the Court is directed to conform defendant's name in the docket to the name as listed in the caption of this Memorandum Order.

[2]      Among other information in the application, Harris is listed as having a weekly gross income of $105,000. (Doc. No. 98-1 at 87.) An annual interval likely was intended.

By signing this application:

I authorize dealer and any finance company, bank or other financial institution to which the dealer submits my application ("you") to investigate my credit and employment history, verify my income, obtain credit reports, and release information about your credit experience with me as the law permits.

I further authorize you to forward my application and all related information to other creditors for evaluation as a method of effectuating my request for credit.

If an account is created, I authorize you to obtain credit reports for the purpose of reviewing or taking collection action on the account, or for other legitimate purposes associated with the account.

(Doc. No. 98-1 at 88.) Consistent with the language in the credit application, Audi Nashville did forward the application to third-party lenders. Harris, however, believes that Audi Nashville induced him to sign the credit application under false pretenses, which is why the second amended complaint includes allegations that Audi Nashville violated 15 U.S.C. § 1681q and is liable for damages under the private right of action provisions of 15 U.S.C. §§ 1681n and 1681o. *See, e.g., Cheatham v. McCormick*, No. 95-6558, 1996 U.S. App. LEXIS 29702, at *11 (6th Cir. Nov. 12, 1996) (table case) (citation omitted); *Fluker v. Trans Union, LLC*, No. 1:22-cv-12240, 2024 U.S. Dist. LEXIS 110724, at *11 (E.D. Mich. Apr. 1, 2024) (citations omitted); *see also Fisher v. Quality Hyundai, Inc.*, No. 01 C 3243, 2002 U.S. Dist. LEXIS 407, at *9 (N.D. Ill. Jan. 8, 2002) (false-pretenses claim sufficiently pled, where car dealer told customer that credit application was needed even though customer was approved for a loan through her credit union).

The summary of allegations that the Court recited above will help provide a framework for assessing Harris's pending motion to compel. (Doc. No. 118.) Discovery generally should be broad enough to allow inquiries reasonably calculated to lead to the discovery of admissible evidence. *E.g., Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (citations omitted). Even pro se litigants must follow basic civil procedure rules, however, including the need to show

proportionality. *See Warren v. United States*, No. CV 6:19-78-KKC-EBA, 2022 WL 1046200, at *6 (E.D. Ky. Apr. 7, 2022) (pro se litigants must follow basic procedural rules) (citations omitted); *compare Hardy v. Genesse County Cmty. Action Res. Dep't*, No. 24-11190, 2026 WL 926119, at *2 (E.D. Mich. Apr. 6, 2026) (denying motion to compel for, *inter alia*, failure to analyze relevance and proportionality) *with Apex Bank v. Rainsford*, No. 3:19-CV-130, 2020 WL 12840131, at *5 (E.D. Tenn. Oct. 30, 2020) ("[T]he Federal Rules scarcely allow [a bank and its officers] to sue someone [who is pro se] for two million dollars and then refuse to produce the only records that could substantiate that person's defense. Rainsford is entitled to present a truth defense, needs Apex's debt-collection records to do so, and now seeks those records.").

## I.      Depositions of Sonic Automotive Executives

Harris wants to compel depositions of Jeff Dyke, Dino Bernacchi, and Kevin Gaither, officers at Audi Nashville's corporate parent Sonic Automotive, Inc. Harris wants to conduct these depositions to obtain relevant information about "Sonic Automotive's corporate policies, marketing language, the company's internal understanding of 'in-house financing,' employee training, and oversight of financing procedures across Audi Nashville, BMW of Nashville, EchoPark (TN), and Mercedes-Benz of Nashville." (Doc. No. 118 at 4.) Without deciding any issues right now, Harris generally is allowed to explore proportional and relevant information pertaining to his allegations of false pretenses.

The problem, however, is that the Court has nothing to compel right now because Harris does not appear to have used proper procedure to submit prospective deposition witnesses to the Court's jurisdiction. Individuals named as defendants generally can be deposed without leave of court under Rule 30. The individuals in question here are not named defendants. Harris can depose an appropriate agent of a named corporate defendant—again without leave of court—under Rule 30(b)(6). The Court cannot discern whether Harris served the individuals in question with

3

enforceable Rule 30(b)(6) notices. Whether employees of a parent company can be deposed under Rule 30(b)(6) because of the control exerted over the subsidiary company is not an issue before the Court at this time. *See In re Classicstar Mare Lease Litig.*, No. CIV A 507-CV-353-JMH, 2009 WL 1313311, at *2 (E.D. Ky. May 12, 2009) (denying protective order where parent corporation exercised sufficient control over subsidiary) (citations omitted). In other instances generally, deposing a non-party witness requires a proper subpoena under Rule 45. *See, e.g., Satija v. Permanent Gen. Assurance Corp. of Ohio*, No. 1:13-CV-00082, 2014 WL 12591693, at *1 (N.D. Ohio Apr. 30, 2014) (noting that a subpoena of an officer of a parent corporation was quashed because the officer had no personal knowledge of the subject matter); *see also* 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed. and 2026 Supp.) ("Federal Rule 45 has a close relation to the proper functioning of the discovery rules. Most notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information.") (citations omitted). Harris appears not to have served the individuals in question under Rule 45. The Court has no jurisdictional instrument to enforce here until Harris serves the individuals in question with an enforceable notice under either Rule 30 or Rule 45, as he deems appropriate, and those individuals challenge the notice through appropriate means.

Accordingly, the Court denies Harris's motion to compel with respect to depositions of Jeff Dyke, Dino Bernacchi, and Kevin Gaither, but without prejudice to renew after proper service under either Rule 30 or Rule 45 and a proper objection to that service.

## II.     Customer Contact Information (Interrogatory No. 16)

During discovery, Harris served Audi Nashville with an interrogatory that stated, "List all customer complaints received from 2020–2025 regarding misleading financing, unauthorized credit pulls, or racial discrimination." (Doc. No. 118 at 10.) Audi Nashville responded to the

4

interrogatory by stating that it received none. (*Id.*) Harris believes that Audi Nashville lied in its response and should be compelled to produce full responses, based on the following logic:

1)   There are legal and regulatory authorities generally available that have defined the word "complaint" broadly to include informal communications and online postings. (*Id.* at 13.)

2)   Audi Nashville monitors reviews about the dealership that people post on third-party platforms such as Google and Yelp. The general manager reaches out to contact people who leave negative reviews. (*Id.* at 11–12.)

3)   Online reviews, therefore, are deemed to be "complaints" that Audi Nashville "received" and must produce in response to the interrogatory.

There are several problems with Harris's logic. While there might be authorities generally available that define what a complaint is,[3] Harris did not define the term for the purposes of his interrogatory. Harris also did not define what he meant by "received." As served, the interrogatory does not appear to have put Audi Nashville on notice that it would have to obtain copies of customer reviews posted on third-party websites and furnish them to Harris. The Court will not address the propriety of requiring a defendant to scour third-party sources for information; the point for now is that Harris has not sufficiently explained why third-party reviews would be considered received even if they are monitored. Only now has Harris defined more specifically what he wanted from the interrogatory. (Doc. No. 118 at 13–14.) Within the Federal Rules of Civil

---

[3]      The two cases that Harris has cited for this point are inapplicable. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1184 (10th Cir. 2009), mentions in passing that "requests regarding information in other complaints or suits" was permitted in a product liability case about tires. *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1106 (8th Cir. 1988), discusses complaints about defects in a rifle that had been submitted to a jury as evidence of conscious disregard for the safety of others.

5

Procedure and the discovery orders and deadlines in this case, Harris might be able to serve an amended interrogatory with more carefully defined and more enforceable terms. *Cf. Shackleford v. Vivint Solar Dev., LLC*, No. CV ELH-19-954, 2020 WL 6273892, at *1 (D. Md. Oct. 26, 2020) (noting, in reciting case history, that prior consumer complaints about a credit consent form were relevant to proving willfulness under 15 U.S.C. § 1681n); *Persinger v. Sw. Credit Sys., LP*, No. 119CV00853RLYMJD, 2019 WL 5618800, at *2 (S.D. Ind. Oct. 30, 2019) (plaintiff entitled to information about prior customer complaints concerning accessed consumer reports for debts discharged in bankruptcy, to establish willfulness under Section 1681n); *Iraheta v. Equifax Info. Servs., L.L.C.*, No. CV 17-1363, 2019 WL 13292761, at *4 (W.D. La. Feb. 22, 2019) (defendant required to respond to a narrowed interrogatory about prior lawsuits that could establish willfulness under Section 1681n). Currently, though, the response that Audi Nashville served to the interrogatory is not technically wrong and thus not subject to a motion to compel. The Court thus denies Harris's motion to compel with respect to the interrogatory, but without prejudice to renew if Harris serves an amended interrogatory to which Audi Nashville objects. The Court also will deny as moot Harris's motion for a protective order regarding the production of customer contact information (Doc. No. 124). That motion presupposed that production would be ordered in response to the current interrogatory. If Harris serves an amended interrogatory then the Court can revisit protection of customer information if necessary.

III.     **Remote Deposition of Joe Vergen**

Harris also wants to depose former Audi Nashville employee Joe Vergen (Vergen). As with the Sonic Automotive executives discussed above, Vergen appears to be neither a named party nor a current representative of Audi Nashville. Accordingly, the only way to submit Vergen to the Court's jurisdiction, for purposes of a deposition, is to serve him with a subpoena under Rule 45. *See* 9 Moore's Federal Practice–Civil § 45.02 ("If a deposition of a nonparty is sought, not only

must the nonparty be subpoenaed, but notice of the deposition must be provided to all parties as required by Fed. R. Civ. P. 30(b)(1)."); *see also* Fed. R. Civ. P. 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45."). Harris does not need any permission to serve a subpoena on Vergen; he needs only to follow the procedures outlined in Rule 45. Whether Harris should seek a remote format by stipulation under Rule 30(b)(4) or simply announce it in the subpoena under Rule 45(c) is an issue not currently before the Court; the Court will not address that issue unless a proper objection arises. *See, e.g., Borchetta v. Brown*, No. 3:25-MC-00024, 2025 WL 3285497, at *2 (M.D. Tenn. Nov. 25, 2025) (motion to quash Rule 2004 bankruptcy examination denied, where "courts around the country addressing remote testimony have concluded that, if a subpoena provides for a witness to appear for an examination remotely by Zoom from a location within 100 miles of where the witness resides, or is employed, or regularly transacts business in person, the subpoena complies with Rule 45(c)(1)(A)") (collecting cases).

Because Harris already has the means to procure Vergen's deposition without leave of court, the Court denies this portion of Harris's motion to compel but without prejudice to renew upon proper objection.

IV.     **Conclusion**

For all of the foregoing reasons, Harris's motion to compel (Doc. No. 118) is DENIED WITHOUT PREJUDICE. Harris's motion for a protective order (Doc. No. 124) is DENIED AS MOOT.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge