CLINTON HARRIS,
     Plaintiff,

v.

SAI NASHVILLE MOTORS, LLC,
     Defendant.

Case No. 3:24-cv-00791

Judge Aleta A. Trauger
Magistrate Judge Luke A. Evans

## **MEMORANDUM ORDER**

On April 30, 2026, plaintiff filed a motion to compel a response to an interrogatory under Rule 37(a)(3)(B)(iii) of the Federal Rules of Civil Procedure. (Doc. No. 136.) Among other issues that plaintiff raises, he argues that the requirement in Rule 37(a)(1) to confer with defendant should be excused because "[d]efendant's pattern of conduct, asserting objections without evidence, providing contradictory sworn responses, and producing nothing, has remained consistent throughout each prior conference and dispute." (Doc. No. 136 at 2.) On May 13, 2026, defendant filed a motion requesting an extension of time, until May 24, 2026, to respond to plaintiff's motion. (Doc. No. 137.)

In its prior order of April 13, 2026 (Doc. No. 128), the Court cited three cases that should have helped the parties draft and respond to an amended interrogatory with more carefully defined and more enforceable terms. *See Shackleford v. Vivint Solar Dev., LLC*, No. CV ELH-19-954, 2020 WL 6273892, at *1 (D. Md. Oct. 26, 2020) (noting, in reciting case history, that prior consumer complaints about a credit consent form were relevant to proving willfulness under 15 U.S.C. § 1681n); *Persinger v. Sw. Credit Sys., LP*, No. 119CV00853, 2019 WL 5618800, at *2 (S.D. Ind. Oct. 30, 2019) (plaintiff entitled to information about prior customer complaints concerning accessed consumer reports for debts discharged in bankruptcy, to establish willfulness

under Section 1681n); *Iraheta v. Equifax Info. Servs., L.L.C.*, No. CV 17-1363, 2019 WL 13292761, at *4 (W.D. La. Feb. 22, 2019) (defendant required to respond to a narrowed interrogatory about prior lawsuits that could establish willfulness under Section 1681n). *Persinger* in particular addressed a problem very similar to the problem that the parties are facing here. In *Persinger*, plaintiff tried to compel a response to the following interrogatory:

> Identify all complaints (written or oral), disputes (written or oral), lawsuits, regulatory actions, or other communications (written or oral) identifying the name and address of any consumer who believed that you had accessed their consumer report without a permissible purpose to do so within the last ten (10) years.

2019 WL 5618800, at *1. The defendant "refused to provide any substantive response to the interrogatory, instead lodging numerous objections to it." *Id.* Specifically, the defendant argued that the interrogatory imposed an undue burden because responding would require it to

> individually review each and every account ever placed with it in the last ten years which is marked as disputed, and review every account note and call recording to determine what the complaint or dispute was, and if it had to do with accessing the individual's consumer report without a permissible purpose. Collectors typically do not make word for word notes on a consumer's dispute so this information is not readily accessible via account notes or the system of record. Defendant would also have to locate and review every single piece of inbound correspondence on each account to determine whether or not the correspondence was a complaint or dispute, and if it was a complaint or dispute about accessing the individual's consumer report without a permissible purpose. As such, in order to respond to this Request Defendant would have to review each and every document and call recording in each and every debtor file that has been active in the last ten (10) years. This would require an enormous amount of man-hours at an equally large expense.

*Id.* at *3. To break the stalemate and to help move the case forward, the court in *Persinger* drafted its own narrowed interrogatory and directed the defendant to respond to the following:

> Identify all complaints (written or oral), disputes (written or oral), lawsuits, regulatory actions, or other communications (written or oral) made between January 4, 2015, and January 4, 2018, in which an individual asserted that you accessed an individual's consumer report for an impermissible purpose because the debt(s) of the individual that had been referred to you for collection had been discharged in bankruptcy.

2

*Id.* at *5. After a few extensions of time, the parties in *Persinger* reported, in a joint status report on January 6, 2020, that the dispute was resolved without further incident.

The Court finds that the lingering dispute over the interrogatory in question here is sufficiently similar to the situation in *Persinger* that, despite plaintiff's concerns, the dispute will benefit from enforcing the requirement to meet and confer. Accordingly, the parties are directed to proceed as follows:

1)      On or before **May 29, 2026**, the parties will meet and confer **in person**, using *Persinger* as a model, to resolve production of prior consumer communications concerning credit applications or accessed consumer reports.

2)      On or before **June 4, 2026**, the parties will file a joint discovery dispute statement that confirms that they met in person and that summarizes their attempts at resolution.

3)      The parties are directed to appear **in person** for a discovery dispute conference on **June 11, 2026 at 10:00 AM**. The conference will be held in Courtroom 5A, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203.

With the above schedule in place, plaintiff's motion to compel (Doc. No. 136) is DENIED WITHOUT PREJUDICE, and defendant's motion for an extension of time (Doc. No. 137) is DENIED AS MOOT.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

3